J-S53009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTOINE JAMES MABLE, | |
| Appellant | No. 3211 EDA 2016 |

Appeal from the Judgment of Sentence Entered May 23, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000723-2015

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY BENDER, P.J.E.:　　　　**FILED OCTOBER 11, 2017**

Appellant, Antoine James Mable, appeals from the judgment of sentence of an aggregate term of 30-60 months' incarceration, imposed following his conviction for promoting prostitution, conspiracy to promote prostitution, and transporting a prostitute.  After careful review, we remand for the trial court to file a responsive Pa.R.A.P. 1925(a) opinion.

The Commonwealth charged Appellant with Rape, 18 Pa.C.S. § 3121; conspiracy (promoting prostitution), 18 Pa.C.S. § 903; involuntary deviate sexual intercourse, 18 Pa.C.S. § 3121; aggravated indecent assault, 18 Pa.C.S. § 3125; promoting prostitution (encouragement), 18 Pa.C.S. § 5902(b)(3); unlawful restraint, 18 Pa.C.S. § 2902; indecent assault, 18 Pa.C.S. § 3126; and promoting prostitution (transportation), 18 Pa.C.S. § 5902(b)(6).  On March 9, 2016, a jury convicted Appellant of all the

prostitution-related offenses (conspiracy, encouraging prostitution, and transporting a prostitute), but "was hopelessly deadlocked on the remaining charges[,]" leading the trial court to declare a mistrial with respect to the remaining counts. Post-Sentence Motion Opinion, 9/19/16, at 1. On May 23, 2016, the court sentenced Appellant to consecutive terms of 15-30 months' incarceration for conspiracy and encouraging prostitution, and to a concurrent term of 6-12 months' incarceration for transporting a prostitute. On June 2, 2016, Appellant filed a timely post-sentence motion, and a hearing was held on July 13, 2016, to address the claims raised therein. The motion was denied by an opinion and order dated September 19, 2016.

Appellant filed a timely notice of appeal and a timely, court-ordered Pa.R.A.P. 1925(b) statement. However, the trial court neither issued a Rule 1925(a) opinion, nor a statement *in lieu* thereof. Moreover, our review of the trial court's September 19, 2016 opinion indicates that it did not adequately address all of the issues which Appellant raised in his Rule 1925(b) statement and now presents in his brief, thereby hindering our review of those claims.

Accordingly, we remand this matter to the trial court for the filing of a Rule 1925(a) opinion within 45 days of the filing date of this Judgment Order. In the interest of judicial economy, we specifically direct the court to address the following claims as set forth in Appellant's brief to this Court:

> I. Whether the Commonwealth should have been precluded from relying on expert testimony regarding gang affiliation, any reference to gang affiliation and/or activity and

statements made by [Appellant] regarding said affiliation[?] Further, testimony from a "gang expert" and any mention of gang affiliation by any witness is irrelevant, more prejudicial than probative, and inherently inadmissible pursuant to Pa.R.E. 404(b).

II. Did the trial court err in denying [Appellant]'s omnibus pretrial motion seeking, *inter alia*, to preclude the conclusory term of "victim" when referencing the complaining witness[?]

III. Whether Appellant[']s convictions are contrary to the weight and sufficiency of the evidence presented where the Commonwealth's complaining witness testified in an inconsistent manner and there was insufficient evidence presented that [Appellant] was involved in a conspiracy to commit or engaged in any overt act to promote prostitution[?][1]

Appellant's Brief at 10.

Case ***remanded*** to the trial court for the filing of a Rule 1925(a) opinion consistent with this Judgement Order within 45 days. Jurisdiction ***retained***.

_____

[1] With regard to Appellant's third claim, the trial court is directed to address Appellant's sufficiency issue in its Rule 1925(a) opinion. However, with regard to Appellant's weight-of-the-evidence claim, we ask the trial court to first address whether Appellant adequately preserved that matter in his post-sentence motion, before the court addresses its merit. ***See Commonwealth v. O'Bidos***, 849 A.2d 243, 252 (Pa. Super. 2004) ("Weight of the evidence claims must be raised via oral, written, or post-sentence motions in the trial court for the issue to be preserved for appeal."); Pa.R.Crim.P. 607(A).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2017